KLEVESTAKT MAKSPRINGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Makspringer v. Commissioner
Docket No. 10162-93
United States Tax Court
T.C. Memo 1994-468; 1994 Tax Ct. Memo LEXIS 476; 68 T.C.M. (CCH) 748; September 26, 1994, Filed *476 Decision will be entered under Rule 155. Klevestakt Makspringer, pro se. For respondent: Jim LeBloch. NAMEROFF
NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 2,621, plus a penalty under section 6662(a) in the amount of $ 524. After concessions by petitioner, the issues for decision are: (1) Whether petitioner is entitled to deduct various Schedule C expenses for the taxable year 1989 in excess of the amounts allowed by respondent; and (2) whether petitioner is liable for the penalty under section 6662(a). [2]
*477 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Century City, California. Petitioner bears the burden of proving respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Schedule C Expenses
During 1989, petitioner was employed by Bank of America as a computer operator. In addition, petitioner was engaged in an activity which he called "import-export/wholesale to retailers" on his Schedule C. Petitioner's business consisted of importing lightweight plastic items and costume jewelry from Taiwan, Japan, and Indonesia that he would then sell via mail order to individual vendors. In addition, petitioner also sold his merchandise at various flea markets in the Los Angeles area. On his 1989 Schedule C, petitioner reported gross receipts in the amount of $ 12,010 and claimed returns and allowances in the amount of $ 50, cost of goods sold in the amount of $ 10,400, and other expenses totaling $ 1,800. [3] In her notice of deficiency, *478 respondent determined that petitioner is not entitled to deduct the amounts claimed for cost of goods sold and returns and allowances based on lack of substantiation. Additionally, respondent determined that petitioner was entitled to additional deductions not claimed on his Schedule C for car, travel, and postage expense in the respective amounts of $ 1,419, $ 1,637, and $ 354. Sometime during August 1989, petitioner left the Los Angeles area for a vacation. When he returned on or about September 20, 1989, he determined that there had been a burglary of his residence. Petitioner filed a police report; in addition, he claimed a theft loss on Schedule A of his 1989 return in the amount of $ 5,325.42. In support of this deduction, petitioner attached to his return a copy of part of the police report dated September 27, 1989, which included 8 pages on which petitioner detailed *479 the claimed loss of 39 described items or categories of items (e.g., miscellaneous hand tools, various office supplies, etc.). The listings on these 8 pages included brand names, serial numbers, model numbers, and alleged values of the stolen items. The items listed ranged in value from $ 3,000 for "various misc handtools" and $ 2,000 for a postal meter machine, serial no. 1490938 to $ 15 for 2 staplers and $ 12 for 1 ice chest. None of the items listed on these 8 pages represent any unsold (or undelivered) inventory from petitioner's purported import business. OPINION Deductions are purely a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). If certain claimed deductions are not adequately substantiated, we may be permitted to estimate them when we are convinced from the record that the taxpayer has incurred such expenses and we have a basis upon which to make an estimate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). *480 1. Cost of Goods Sold
Petitioner claimed $ 10,040 on his Schedule C for costs of goods sold. Generally, when petitioner placed a purchase order with a supplier he also enclosed a corresponding money order. Petitioner testified that he neither retained copies of the purchase orders nor money orders for his records. However, petitioner testified that he kept a handwritten record of his orders and payments, but that such records were stolen from his house in September 1989. Moreover, petitioner further testified that because his business records had been stolen, he estimated his gross receipts and cost of goods sold when preparing his Schedule C. The police report does not list any stolen business records, and we have grave doubts whether thieves, in the process of stealing all of the assets listed by petitioner, would bother with a handwritten record of orders and payments. We note initially that the loss of records does not leave a taxpayer helpless in meeting his substantiation burden. Cook v. Commissioner, T.C. Memo. 1991-590. Generally, when the taxpayer's records have been lost or destroyed through circumstances beyond his control, *481 he is entitled to substantiate his expenditures through other credible evidence. Watson v. Commissioner, T.C. Memo. 1988-29. Thus, petitioner is not relieved of his burden of proof. Petitioner's testimony with respect to the names of his suppliers and the type and cost of the merchandise he purchased was vague, at best. Moreover, petitioner failed to offer any evidence, such as copies of his purchase orders which he could have obtained from his suppliers, documents from the Board of Equalization which would indicate his sales during 1989, or information from the U.S. Customs Service which would reflect what he imported. These various sources could either substantiate the amount claimed as cost of goods sold or enable us to estimate such amount. This case has been scheduled for trial for 4 months prior to trial, giving petitioner ample time to reconstruct his records. Moreover, petitioner admitted that he had no records of orders and payments subsequent to the burglary, casting further doubt on petitioner's credibility. Accordingly, we sustain respondent on this issue. 2. Automobile Expenses
Petitioner claimed zero for automobile expenses *482 on his Schedule C. According to the notice of deficiency, respondent determined that petitioner's automobile was used 47.44 percent for business and that petitioner was entitled to a deduction in the amount of $ 1,419 for automobile expenses. [4] Petitioner now contends that he had two automobiles during the year at issue, a 1976 Pinto and a 1986 Toyota, and that his Toyota was used 80 percent for his Schedule C activity. It does not appear that petitioner disputes the amount of the expenses determined by respondent, but, rather, the business percentage. *483 In general, automobile expenses are deductible if they are incurred in carrying on a trade or business. Sec. 162. However, for tax years beginning after December 31, 1985, we are precluded from estimating deductions for local use of vehicles. Walker v. Commissioner, T.C. Memo. 1992-416. Section 274(d)(4) provides that no deduction is allowable with respect to any listed property unless certain substantiation rules are met. Listed property, as defined in section 280F(d)(4)(A)(i), includes any passenger automobile. Petitioner must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statements the amount of each separate expenditure (e.g., repairs, insurance, gasoline), the amount of business and total use (e.g., mileage) of the car, the date of the expenditure or use, and the business purpose for the expenditure or use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Based on this record, it is not clear whether petitioner maintained a diary that indicated the business use of his cars and that such diary was stolen, or whether petitioner failed *484 to maintain such records during the entire year at issue. Clearly, he kept no such record for the period after the burglary. Even if we believed petitioner maintained a diary prior to the burglary, where the taxpayer establishes that the failure to produce adequate records is due to loss of such records through circumstances beyond the taxpayer's control, such as by casualty, the taxpayer must still substantiate his deduction by a reasonable reconstruction of the use of his automobile and the expenditures associated with such automobile. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). However, petitioner made no effort at trial to provide a reasonable reconstruction as to the business usage of his automobile. Chira v. Commissioner, T.C. Memo. 1991-309; Sumner v. Commissioner, T.C. Memo. 1982-561. Petitioner merely testified that he drove his Toyota "mostly for business * * * to drop fliers, and to visit other places". Since petitioner has failed to meet the strict substantiation requirements of section 274, he has failed to prove that the business usage *485 of his automobile exceeds the amount determined by respondent. Accordingly, petitioner is not entitled to an increased deduction for automobile expense. Nevertheless, petitioner proved that he paid the California Department of Motor Vehicles (DMV) $ 117 and $ 143 for the registration and licensing of his vehicles. An ad valorem auto license fee is deductible as a personal property tax under section 164(a)(2), but an annual flat registration fee is not deductible. Mann v. Commissioner, T.C. Memo. 1975-74; sec. 1.164-3(c), Income Tax Regs.California imposed both for the year at issue. [5] The registration fee was $ 22 for each vehicle. Petitioner did not claim any taxes as itemized deductions; however, the $ 117 was used to calculate the allowable automobile expense. Accordingly, petitioner is entitled to a Schedule A deduction in the amount of $ 170.93 ($ 49.93 (the nonbusiness usage percentage of 52.56 percent times ($ 117 less $ 22) plus $ 121 ($ 143 less $ 22)). *486 Section 6662(a)
Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment which is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard. Petitioner has the burden of proof on this issue. Rule 142(a). Based on this record, petitioner has failed to demonstrate that he was not negligent. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Adjustments for the amount of self-employment tax and deductible medical expense and casualty loss are computational in nature and are dependent upon the resolution of other issues.↩
3. The expenses claimed on the Schedule C comprising the $ 1,800 are as follows: ↩
Freight
$ 500
Rent
500
Repairs
800
Total
1,800
4. The agent's workpapers (which form the basis for the notice of deficiency) reflect that he reconstructed petitioner's total miles by estimating petitioner's gasoline expenditures and the miles per gallon rate for the Tercel, concluding that during 1989 petitioner drove his automobile 18,000 miles, of which 8,540 miles were business miles. (His workpapers do not explain how he arrived at 8,540 miles.) Thus, the agent calculated a business use percentage of 47.44. This ratio was applied to various expenses and costs in the amount of $ 2,328, thereby computing a deduction in the amount of $ 1,104. Finally, the agent calculated a depreciation deduction in the amount of $ 315, for total automobile expenses for 1989 in the amount of $ 1,419.↩
5. Cal. Rev. & Tax. Code sec. 10752 (Deering 1994), (license fee); Cal. Veh. Code sec. 9250↩ (Deering 1994), (registration fee).